IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: | Chapter 13 |
|---|---|
| LISA NGUYEN, | Case No. 18-16367 (ELF) |
| Debtor. | |

**CONSENT ORDER**

Upon consideration of *Mark Knouse, Lynn Brinker, and Kim Beidler's Motion for In Rem Relief From the Automatic Stay Under §§ 105 and 362, Nunc Pro Tunc to October 29, 2018* (the "Motion")[1], and with the consent of Lisa Nguyen (the "Debtor") and Mark Knouse, Lynn Brinker, and Kim Beidler (collectively, the "Movants" and, together with the Debtor, the "Parties"), the Court hereby orders as follows:

1.      The Motion is GRANTED as set forth herein.

2.      The automatic stay of 11 U.S.C. § 362 is vacated as to the Debtor's interest in the real property located at 238 Keswick Avenue, Glenside, PA 19038 (the "Property") in order to allow the Movants, or their successors, to proceed with their rights relating to the Property, subject to the terms set forth herein.

3.      Any future bankruptcy cases filed by the Debtor or her successors, assigns, and/or co-occupants of the Property shall not operate as a stay as to Movants' enforcement of their rights in and to the Property.

4.      The relief from the automatic stay granted pursuant to this Order shall be deemed retroactively effective to October 29, 2018.

5.      The Movants will not proceed with any action to enforce their rights relating to the Property while the Debtor is in compliance with the terms of this Order, the note (the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

"Note"), which is attached to the Movants' proof of claim as Exhibit A, and the mortgage (the "Mortgage"), which is attached to the Movants' proof of claim as Exhibit B.

6. The Debtor shall remain current on the monthly payments of interest and principal due pursuant to the Note.

7. The Debtor shall provide proof of homeowner's insurance and business liability insurance for the Property on or before April 30, 2019, and within fourteen (14) days after the expiration or termination of the existing homeowner's insurance and business liability policies and any subsequent policies that replace those existing policies.

8. In accordance with the Mortgage, the Debtor shall make monthly payments, on or before the 1st of each month, to the Movants in the amount of 1/12 of the estimated annual real estate taxes for the Property, which the Movants shall place into an escrow account and pay to the appropriate taxing authority upon the Debtor providing documentation of the property taxes due to the Movants.

9. Upon receiving notice from the Movants of the tax escrow balance being insufficient to pay the full amount of the annual real estate taxes due for the Property, the Debtor shall make any supplemental payment required directly to the relevant taxing authority and provide documentation of such payment on or before the date that the annual real estate tax payment for the Property is due.

10. Any real estate taxes relating to the Property that are currently owed, past due, or otherwise claim by any taxing authority must be either paid by the Debtor within fourteen (14) days of the entry of this Consent Order or paid through the Debtor's above-captioned bankruptcy proceeding.

11. In addition to the payments required pursuant to the Note, the Mortgage, and elsewhere in this agreement, the Debtor shall make a total of forty-two (42) payments (the "Additional Payments") of $660.57 to the Movants in order to repay the real estate taxes paid relating to the Property by the Movants and to compensate the Movants for legal fees incurred in attempting to secure payment from the Debtor. The first of the Additional Payments shall be made on June 1, 2019, with the remaining Additional Payments continuing on the 1st of each subsequent month.

12. Any failure to comply with the terms of this Order shall not be considered a default until the expiration, without cure, of four (4) days following notice of the failure to comply with this Order being provided by the Movants to the Debtor through email correspondence to the Debtor's attorney at jclarke@clarkeandassoc.com. The Debtor shall only have the right to cure a default three (3) times within a calendar year.

13. Any notification of default sent to jclarke@clarkeandassoc.com is deemed valid and received upon sending. If the default is not cured within four (4) days from the date of sending of notice, Movants may immediately proceed with enforcement of their rights and remedies under the loan documents, including, without limitation, a sheriff sale of the Property. The 14-day stay period under Rule 4001(a)(3) is waived, and this order shall become effective immediately upon its entry.

14. The Court shall retain jurisdiction over any matter arising from or related to this order.

BY THE COURT:

Dated: _____, 2019    _____
Honorable Eric L. Frank
United States Bankruptcy Judge

The undersigned hereby consent to the form and entry of the within order.

By:_____
   Lisa Nguyen
   Debtor

By:_____
   Mark Knouse
   Movant

By:_____
   Lynn Brinker
   Movant

By:_____
   Kim Beidler
   Movant

The undersigned hereby consent to the form and entry of the within order.

By:_____         By: /s/ Mark C. Knouse
    Lisa Nguyen                                      Mark Knouse
    Debtor                                           Movant


By:_____
    Lynn Brinker
    Movant


By:_____
    Kim Beidler
    Movant

The undersigned hereby consent to the form and entry of the within order.

By:_____
   Lisa Nguyen
   Debtor

By:_____
   Mark Knouse
   Movant

By:_____
   Lynn Brinker
   Movant

By: */s/ Kim Beidler*
   Kim Beidler
   Movant

The undersigned hereby consent to the form and entry of the within order.

By:_____
   Lisa Nguyen
   Debtor

By:_____
   Mark Knouse
   Movant

By: *Lynn Brinker* (signature)
   Lynn Brinker
   Movant

By:_____
   Kim Beidler
   Movant