United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                          Case No. 18-16367-elf
Lisa Nguyen                                                     Chapter 13
        Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-2           User: John              Page 1 of 2           Date Rcvd: Dec 18, 2019
                               Form ID: pdf900         Total Noticed: 21
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 20, 2019.
```
db             +Lisa Nguyen,    238 Keswick Avenue,     Glenside, PA 19038-4836
cr             +Abington School District and Township of Abington,    c/o Portnoff Law Associates, Ltd.,
                 P.O. Box 3020,    Norristown, PA 19404-3020
cr             +Kim Beidler,    c/o Bielli & Klauder, LLC,    1500 Walnut Street, Suite 900,
                 Philadelphia, PA 19102-3518
cr             +Lynn Brinker,    c/o Bielli & Klauder, LLC,    1500 Walnut Street, Suite 900,
                 Philadelphia, PA 19102-3518
cr             +Mark Knouse,    c/o Bielli & Klauder, LLC,    1500 Walnut Street, Suite 900,
                 Philadelphia, PA 19102-3518
cr             +Montgomery County Tax Claim Bureau,    c/o Michael D. Vagnoni, Esquire,
                 Centre Square West, Suite 3400,    1500 Market Street,    Philadelphia, PA 19102-2100
cr             +Toyota Motor Credit Corporation,    c/o REBECCA ANN SOLARZ,    701 Market Street, Suite 5000,
                 Philadelphia, PA 19106-1541
14244900       +Kim Beidler,    c/o Kristen Wetzel Ladd, Esq.,    17 W Gay Street,    PO Box 515,
                 West Chester, PA 19381-0515
14244897       +Kim Beidler,    c/o Thomas D. Bielli, Esquire,    & Cory P. Stephenson, Esquire,
                 1500 Walnut Street, Suite 900,    Philadelphia, PA 19102-3518
14268944       +Knouse, Bielder & Brinker,    3634 Sturbridge Place,    Allentown PA 18104-1770
14208411       +Knouse,Beidler & Brinker,    c/o Kristen Wetzel Ladd,    17 W. Gay Street,
                 West Chester, PA 19380-3090
14244899       +Lynn Brinker,    c/o Kristen Wetzel Ladd, Esq.,    17 W Gay Street,    PO Box 515,
                 West Chester, PA 19381-0515
14244896       +Lynn Brinker,    c/o Thomas D. Bielli, Esquire,    & Cory P. Stephenson, Esquire,
                 1500 Walnut Street, Suite 900,    Philadelphia, PA 19102-3518
14244898       +Mark Knouse,    c/o Kristen Wetzel Ladd, Esq.,    17 W Gay Street,    PO Box 515,
                 West Chester, PA 19381-0515
14244895       +Mark Knouse,    c/o Thomas D. Bielli, Esquire,    & Cory P. Stephenson, Esquire,
                 1500 Walnut Street, Suite 900,    Philadelphia, PA 19102-3518
14338648       +Mark Knouse, Kim Beidler, Lynn Brinker,    c/o Bielli & Klauder, LLC,
                 1500 Walnut St., Ste. 900,    Philadelphia, PA 19102-3518
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: megan.harper@phila.gov Dec 19 2019 03:36:55     City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 19 2019 03:36:22
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 19 2019 03:36:42      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
cr             +E-mail/PDF: acg.acg.ebn@americaninfosource.com Dec 19 2019 03:43:11
                 Capital One Auto Finance, a division of Capital On,    4515 N Santa Fe Ave. Dept. APS,
                 Oklahoma City, OK 73118-7901
cr             +E-mail/PDF: gecsedi@recoverycorp.com Dec 19 2019 03:43:08      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 5
```

```
                ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 20, 2019                                      Signature:  /s/Joseph Speetjens

```
District/off: 0313-2          User: John                   Page 2 of 2              Date Rcvd: Dec 18, 2019
                              Form ID: pdf900              Total Noticed: 21
```

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 18, 2019 at the address(es) listed below:
              CORY P. STEPHENSON    on behalf of Creditor Kim  Beidler cstephenson@bk-legal.com
              CORY P. STEPHENSON    on behalf of Creditor Mark  Knouse cstephenson@bk-legal.com
              CORY P. STEPHENSON    on behalf of Creditor Lynn  Brinker cstephenson@bk-legal.com
              GERALD R CLARKE    on behalf of Debtor Lisa  Nguyen jclarke@clarkeandassoc.com,
               clarkeandassoc@yahoo.com
              JAMES RANDOLPH WOOD    on behalf of Creditor    Abington School District and Township of Abington
               jwood@portnoffonline.com,   jwood@ecf.inforuptcy.com
              KRISTEN WETZEL LADD    on behalf of Creditor Mark  Knouse kladd@utbf.com,  nanderson@utbf.com
              KRISTEN WETZEL LADD    on behalf of Creditor Lynn  Brinker kladd@utbf.com,  nanderson@utbf.com
              KRISTEN WETZEL LADD    on behalf of Creditor Kim  Beidler kladd@utbf.com,  nanderson@utbf.com
              MICHAEL D. VAGNONI    on behalf of Creditor    Montgomery County Tax Claim Bureau
               michael.vagnoni@obermayer.com,
               Lucille.acello@obermayer.com;Alicia.sandoval@obermayer.com;vanja.moraca@obermayer.com;angela.bagl
               anzis@obermayer.com;helen.belair@obermayer.com;coleen.schmidt@obermayer.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Toyota Motor Credit Corporation
               bkgroup@kmllawgroup.com
              THOMAS DANIEL BIELLI    on behalf of Creditor Kim  Beidler tbielli@bk-legal.com,
               kseligman@bk-legal.com
              THOMAS DANIEL BIELLI    on behalf of Creditor Lynn  Brinker tbielli@bk-legal.com,
               kseligman@bk-legal.com
              THOMAS DANIEL BIELLI    on behalf of Creditor Mark  Knouse tbielli@bk-legal.com,
               kseligman@bk-legal.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                                                             TOTAL: 16
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: | Chapter 13 |
|---|---|
| LISA NGUYEN, | Case No. 18-16367 (ELF) |
| Debtor. | |

## REVISED CONSENT ORDER

Upon consideration of *238 Keswick, LLC, assignee of Mark Knouse, Lynn Brinker, and Kim Beidler's Motion for In Rem Relief From the Automatic Stay Under §§ 105 and 362, Nunc Pro Tunc to October 29, 2018* (the "Motion")[1], and with the consent of Lisa Nguyen (the "Debtor") and 238 Keswick, LLC (the "Movant"), the Court hereby orders as follows:

1.  The Motion is GRANTED as set forth herein.

2.  The automatic stay of 11 U.S.C. § 362 is vacated as to the Debtor's interest in the real property located at 238 Keswick Avenue, Glenside, PA 19038 (the "Property") in order to allow the Movant, or its successor, to proceed with its rights relating to the Property, subject to the terms set forth herein.

3.  Any future bankruptcy cases filed by the Debtor or her successors, assigns, and/or co-occupants of the Property shall not operate as a stay as to Movant's enforcement of its rights in and to the Property.

4.  The relief from the automatic stay granted pursuant to this Order shall be deemed retroactively effective to October 29, 2018.

5.  The Movant will not proceed with any action to enforce its rights relating to the Property while the Debtor is in compliance with the terms of this Order, the note (the "Note"),

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

which is attached to the Movant's proof of claim as Exhibit A, and the mortgage (the "Mortgage"), which is attached to the Movant's proof of claim as Exhibit B.  Notwithstanding anything to the contrary, Movant may keep the Property listed for sheriff sale during the term hereof, subject to postponement of the sheriff sale if the Debtor is in compliance with this Revised Consent Order.  The Debtor hereby agrees and consents to any subsequent motion to postpone the sheriff sale filed by Movant in the foreclosure action.

6. The Debtor shall pay the monthly payments of interest and principal due pursuant to the Note on or before the 15th of each month.

7. The Debtor shall continue to keep the Property insured and provide proof of homeowner's insurance and business liability insurance for the Property upon request of Movant, and within fourteen (14) days after the expiration or termination of the existing homeowner's insurance and business liability policies and any subsequent policies that replace those existing policies.

8. In accordance with the Mortgage, the Debtor shall make monthly payments, on or before the 15th of each month, to the Movant in the amount of 1/12 of the estimated annual real estate taxes for the Property.  As of January 15, 2020, 1/12 of the estimated annual real estate taxes for the Property is $600.00 per month.  The Debtor shall furnish Movant with copies of any and all tax bills relating to the Property.  The Movant shall place the tax escrow payments into an escrow account and pay to the appropriate taxing authority upon the Debtor providing documentation of the property taxes due to the Movant.

9. Upon receiving notice from the Movant of the tax escrow balance being insufficient to pay the full amount of the annual real estate taxes due for the Property, the Debtor shall make any supplemental payment required directly to the relevant taxing authority and

provide documentation of such payment on or before the date that the annual real estate tax payment for the Property is due.

10. Any real estate taxes relating to the Property that are currently owed, past due, or otherwise claimed by any taxing authority must be either paid by the Debtor within fourteen (14) days of the entry of this Revised Consent Order or paid through the Debtor's above-captioned bankruptcy proceeding.

11. In addition to the payments required pursuant to the Note, the Mortgage, and elsewhere in this agreement, the Debtor shall make a total of forty-two (42) payments of $660.57 (the "Additional Payments") to the Movant in order to repay the real estate taxes paid relating to the Property by the Movant and to compensate the Movant for legal fees that it incurred in attempting to secure payment from the Debtor. The first of the Additional Payments shall be made on June 15, 2019, with the remaining Additional Payments continuing on the 15th of each subsequent month.

12. The Debtor's Motion to Discontinue Sheriff's Sale of Real Property (Doc. # 130) is hereby withdrawn.

13. Contemporaneously with the execution of this Revised Consent Order, the Debtor will execute a deed in lieu in the form attached hereto as Exhibit "A" (the "Deed in Lieu"). The Deed in Lieu will be held by Movant's counsel in escrow. If Debtor defaults under this Revised Consent Order and said default is not cured as provided below, Movant may, at any time thereafter and without further notice, and in Movant's sole and absolute discretion, record the Deed in Lieu. The Debtor shall re-execute a new Deed in Lieu, from the form originally sent by Movant's counsel, every seventy-five (75) days during the term hereof and send it to Movant's counsel fully executed and notarized prior to the expiration of 75 days from execution of the

previous Deed in Lieu. Nothing in this paragraph shall be construed to require Movant or Movant's counsel to send a new Deed in Lieu to the Debtor or Debtor's counsel for execution. The recording of the Deed in Lieu shall not be construed to release or satisfy the obligations under the Note, which obligations shall remain in full effect, subject to being discharged in the bankruptcy proceeding.

14. Each of the following events shall constitute an "Event of Default":

(i) failure of the Debtor to pay Movant sums when and as due under the terms of this Revised Consent Order;

(ii) failure of the Debtor to comply fully and timely with any of the other terms and conditions of this Revised Consent Order or the terms of the Note and Mortgage, as modified by this Revised Consent Order.

15. Time is of the essence. Upon the occurrence of an Event of Default under this Revised Consent Order, the Movant shall give Debtor written notice of such default via email to Debtor's counsel Jerry Clarke, at jclarke@clarkeandassoc.com, and Debtor shall have ten (10) days from the date such notice is sent to cure the default. Any notification of default sent to jclarke@clarkeandassoc.com is deemed valid and received upon sending. The Debtor shall only have the right to cure a default three (3) times within a calendar year, beginning in January 2020. For example, if the Debtor defaults three (3) times during the calendar year 2020, and Movant sends three (3) default notices, the Debtor shall not have any further right to cure a default, and the Movant may immediately proceed with enforcing its rights and remedies on or after the 16th of the month if there is a subsequent default.

16. Upon the occurrence of any Event of Default, and after expiration of any applicable cure period as provided herein, without any further notice, the Movant shall be

entitled to immediately exercise and/or enforce any or all of its rights and remedies under the Note, Mortgage and this Revised Consent Order, including without limitation, recording the Deed in Lieu and/or moving forward with a sheriff sale of the Property.

17. In the event that Movant records the Deed in Lieu, Movant may send a notice to vacate to jclarke@clarkeandassoc.com, which notice is deemed valid and received upon sending. The Debtor agrees to vacate the Property within 30 days of the date of a notice to vacate sent by Movant.

18. The 14-day stay period under Rule 4001(a)(3) is waived, and this order shall become effective immediately upon its entry.

BY THE COURT:

Dated: Dec. 17, 2019

Honorable Eric L. Frank
United States Bankruptcy Judge

The undersigned hereby consent to the form and entry of the within order.

By:_____
    Lisa Nguyen
    Debtor

238 Keswick, LLC
By: /s/ Mark C. Knouse
    Mark Knouse, Member
    Movant

The undersigned hereby consent to the form and entry of the within order.

|  |  |
|---|---|
| By: _____/s/_____ <br> Lisa Nguyen <br> Debtor | 238 Keswick, LLC <br><br> By: _____ <br> Mark Knouse, Member <br> Movant |

# Exhibit "A"

Prepared by:
Kristen Wetzel Ladd, Esquire
Unruh, Turner, Burke & Frees
P.O. Box 515
West Chester, PA  19381-0515
(610) 692-1371

Return to:
Kristen Wetzel Ladd, Esquire
Unruh, Turner, Burke & Frees
P.O. Box 515
West Chester, PA  19381-0515
(610) 692-1371

Tax Parcel No. 30-00-35728-00-8

Address: 238 Keswick Avenue, Glenside, County of Montgomery, Commonwealth of Pennsylvania

---------------------------[Space Above This Line For Recording Data]----------------------

# DEED IN LIEU OF FORECLOSURE

**This Indenture**, made this _____ day of _____, 20__.

1. **BETWEEN**

   a. **Lisa Nguyen**

Grantor, party of the first part, located at 238 Keswick Avenue, Abington Township, Montgomery County, Pennsylvania,

AND

   b. **238 Keswick, LLC**

Grantee, party of the second part, located at 3634 Sturbridge Place, Allentown, PA  18014.

2. **WITNESSETH**

That the said Grantor, for and in consideration of the sum of One Dollar ($1.00), lawful money of the United States of America, well and truly paid by the Grantee to the Grantor, at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, enfeoffed, released, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, enfeoff, release, convey and confirm unto the Grantee, its successors and assigns, all of the following parcels or tracts of land:

ALL THAT CERTAIN lot or piece of ground, Situate in Abington Township, Montgomery County, Pennsylvania.

BEGINNING at a point on the Westerly side of Keswick Avenue (seventy (70) feet wide) a corner of Lot No. 814 on Plan Of Part Of Ferguson and Johnson Glenside Tract made for Paul S. Vollrath and recorded in the Office for the Recording of Deeds at Norristown, Pennsylvania in Plan Book A-1 on November 6, 1953, said point being at the arc distance of three hundred nine and fifty two one hundredths (309.52) feet measured in a Southerly direction by a line curving to the right with a radius of one thousand two hundred ninety four and four tenths (1,294.4) feet from a point of compound curve, said point of compound curve being at the arc distance of two hundred twenty five and eleven one hundredths (225.11) feet measured in a Southeast and Southerly direction by a line curving to the right with a radius of two hundred sixty six and eighty five one hundredths (266.85) feet from a point of curve on the Southwesterly side of Keswick Avenue said point of curve being at the distance of one hundred thirty five and twenty one hundredths (135.20) feet measured South forty three (43)degrees forty eight (48) minutes thirteen (13) seconds East from the intersection which the said Southwesterly side of Keswick Avenue makes with the Southeasterly side of Easton Road (sixty (60) feet wide), thence from the first mentioned point and place of beginning along the said Westerly side of Keswick Avenue by a line extending in a Southerly direction and curving to the right with a radius of one thousand two hundred ninety four and forty one hundredths (1294.40) feet the arc distance of twenty and sixty three one hundredths (20.63) feet to a point a corner of Lot No. 816 on the above mentioned plan, thence along the Northerly line of Lot No. 816 North eighty five (85) degrees thirty two (32) minutes fifty seven (57) seconds West and crossing a private right of way for driveway (twenty four (24) feet wide) and one hundred seventeen and eighty seven one hundredths (117.87) feet to a point on the Easterly line of The Roslyn Terrace Subdivision; thence along the Easterly line of The Roslyn Subdivision being also along the Westerly side of the private right of way for driveway North four (4) degrees twenty seven (27) minutes three (3) seconds East twenty (20) feet to a point a rear corner of Lot No. 814, thence along the Southerly line of Lot No. 814 and recrossing the private right of way for driveway South eighty five (85) degrees thirty two (32) minutes fifty seven (57) seconds East one hundred twenty two and ninety four one hundredths (122.94) feet to the aforementioned Westerly side of Keswick Avenue the place of BEGINNING.

TOGETHER with the free and common use, right, liberty and privilege of a certain 24 feet wide private right of way for driveway which extends in a Southerly and Southeasterly direction into Keswick Avenue across Lot Nos. 800 to 823 inclusive on above mentioned plan as and for a driveway and passageway in common with the owners and occupiers of the other lots of ground bounding thereon and entitled to the use thereof.

BEING 815 on above mentioned plan.

PARCEL NO. 30-00-35728-00-8

BEING the same premises which John Gugliemi and Giovanna Di Rienzo a/k/a Joanna Di Rienzo, by Deed dated 05/04/1998 and recorded 05/14/1998 in the Office of the Recorder of Deeds in and for the County of Montgomery in Deed Book 5225, Page 1680, granted and conveyed unto Lisa Nguyen.

AND ALSO BEING the same premises which Hung Hoang and Lisa Nguyen, his wife, by Deed dated 04/24/2001 and recorded 06/06/2001 in the Office of the Recorder of Deeds in and for the County of Montgomery in Deed Book 5362, Page 939, granted and conveyed unto Lisa

Nguyen.

TOGETHER with all the buildings, additions, and improvements presently existing or hereafter constructed or placed thereon; all fixtures, machinery and equipment of every kind and nature whatsoever now or hereafter installed in or located on said premises, used or useful in connection with the premises or the operation and maintenance of the plant, buildings or business situate thereon, exclusive of removable trade fixtures and personal property belonging to tenants, and all building materials, fixtures, building machinery and building equipment delivered on site to the real estate during the course of, or in connection with, construction of the buildings and improvements and all proceeds or replacements of any of the foregoing.

TOGETHER with all streets, alleys, passage ways, rights, privileges, easements, hereditaments and appurtenances whatsoever thereunto belonging, or in any wise appertaining, and all the estate and rights of the Grantor in and to said premises.

AND TOGETHER with the reversions, remainders, rents, issues and profits arising from said premises, including all leases now or hereafter entered into covering any part of said premises or such improvements, all of which leases, rents, issues and profits are hereby assigned to the Grantee by the Grantor (provided that unless and until Grantee directs otherwise the Grantor may continue to collect and receive such rents).

TO HAVE AND TO HOLD the said premises unto Grantee, its successors and assigns forever, in fee.

AND the said Grantor, its heirs, executors and administrators, does by these presents, covenant, grant and agree to and with the said party of the second part, its successors and assigns, that the said Grantor, all singular the hereditaments and premises herein above described and granted, or mentioned and intended so to be, with the appurtenances unto the said Grantee, its successors and assigns, against the Grantor, and against all and every other person or persons, whomsoever, lawfully claiming or to claim the same or any part thereof, by, through, from or under them or any of them, shall and will, by these presents, WARRANT AND FOREVER DEFEND.

THIS INDENTURE is given in lieu of foreclosure by Grantee of that certain Mortgage given to Grantee, as Mortgagee, by Grantor, as Mortgagor, dated May 4, 1998 and recorded on May 14, 1998, in the Office of the Recorder of Deeds of and for Montgomery County, Pennsylvania, at Book 8155, Page 350 (the "Mortgage"). **The Mortgage shall remain in full force and effect and shall survive delivery of title to the premises, and the fee interest conveyed herein by the Grantor to Grantee shall not merge with or into the Mortgage.**

IN WITNESS WHEREOF, the Grantor has hereunto set her hand and seal, the day and year first written above.

_____(SEAL)
Lisa Nguyen

COMMONWEALTH OF PENNSYLVANIA    :
                                                                                 : SS
COUNTY OF MONTGOMERY    :

      On this _____ day of _____, 20__, Lisa Nguyen, known to me (satisfactorily proven) appeared before me and executed the foregoing instrument for the purposes herein contained by signing her name.

      IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

## CERTIFICATE OF RESIDENCE

I hereby certify that the precise residence of the Grantee herein is as follows:

238 Keswick LLC
3634 Sturbridge Place
Allentown, PA 18104

_____
On behalf of the Grantee